SHARP, W., J.
Tymenski appeals from an order of the circuit court denying his petition for a writ of habeas corpus. He argues that he should not be extradited to the Commonwealth of Pennsylvania because the documentation produced was not properly authenticated pursuant to section 941.03, Florida Statutes. We affirm.
The facts in this case are not in dispute. Tymenski was sentenced to prison in Pennsylvania for having committed several offenses. He was paroled in 1999. One of the conditions of his probation was that he agreed to waive extradition. The document provided:
I expressly waive extradition to the Commonwealth of Pennsylvania from any jurisdiction in or outside of the United States, where I may be found, and I shall not contest any effort by any jurisdiction to return me to the United States or to the Commonwealth of Pennsylvania.
The Pennsylvania Board of Probation and Parole issued a warrant on April 3, 2001, for Tymenski’s arrest for parole violation, and he was apprehended by the police in Volusia County, Florida, the same day. On June 4, 2001, Pennsylvania Governor Thomas Ridge signed a requisition requesting Tymenski be returned to Pennsylvania. Governor Bush of Florida later executed a warrant for Tymenski’s arrest.
Tymenski filed this petition for writ of habeas corpus on July 26, 2001, arguing the extradition documentation was insufficient because Governor Ridge failed to certify as authentic the warrant for violation of parole. Section 941.03 sets out the formal requirements needed for a demand for extradition:
No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under s. 941.06, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he or she fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his or her bail, probation, or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand.
Although the documentation in this case may not meet all the formalities set forth in section 941.03, the fact that Tymenski executed a waiver as a condition of his probation is determinative. Section 941.26(3), Florida Statutes, addresses that issue:
(3) Notwithstanding any other provision of law, a law enforcement agency in this state holding a person who is alleged to have broken the terms of his or her probation, parole, bail, or other release in the demanding state shall immediately deliver the person to the duly authorized agent of the demanding state *816 without the requirement of a governor’s warrant if:
(a) The person has signed a prior waiver of extradition as a term of his or her current probation, parole, bail, or other release in the demanding state; and
(b) The law enforcement agency holding the person has received a copy of the prior waiver of extradition signed by the person and confirmed by the demanding agency, as well as photographs or fingerprints or other evidence properly identifying the person as the person who signed the waiver.
See Chandler v. State, 626 So.2d 1064 (Fla. 2d DCA 1993) (question whether Florida would recognize a waiver of extradition previously signed in another state as a condition of probation was resolved by the Florida Legislature when it included such waivers in section 941.26).
This statute appears to be primarily concerned with insuring that the person sought by a demanding state is the same person who signed the waiver of extradition. The circuit court in this case determined that Tymenski was that person. The documentation from Pennsylvania included photographs of Tymenski, the conditions of his parole, and the waiver signed by “Francis D. Tymenski.” Further, Ty-menski has not raised his identity as an issue on appeal. This, his identity as the person sought by Pennsylvania is not in dispute.
AFFIRMED.
THOMPSON, C.J., and PLEUS, J., concur.